272 So.2d 385 (1973)
Charles J. DIGEROLOMO
v.
FRENCH MARKET CORPORATION.
No. 5114.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1973.
Rehearing Denied February 6, 1973.
Writ Refused April 12, 1973.
*386 Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellant.
Blake G. Arata, City Atty., Michael A. Starks, David Cressy, Asst. City Attys., for defendant-appellee.
Before REDMANN, LEMMON, and GULOTTA, JJ.
GULOTTA, Judge.
This is an appeal from a ruling of the Civil Service Commission maintaining an exception of no right or cause of action on the grounds that plaintiff-appellant was not a member of the classified service.
There is no factual dispute herein. At the hearing, counsel for plaintiff and the defendant stipulated that a corporation was formed in 1932 for the purpose of operating the property known as the French Market which belongs to the City of New Orleans. In 1961, Charles J. Digerolomo, by appointment of the then Mayor of the City, became employed by the corporation. The corporate minutes reflect that he served as Acting General Manager of the French Market and later as General Manager of the properties of the French Market until July 8, 1970, at which time he was orally given a two-weeks notice of termination. Thereafter, he was terminated.
The parties consider the primary issue on appeal to be whether the position of General Manager of the French Market Corporation is in the classified service of the City of New Orleans as contemplated by LSA-Const. art. 14, § 15(A)(3), (G)(a) (4) and (5) and LSA-R.S. 33:2401(A) (6) (c).[1]
Plaintiff-appellant contends that his position as General Manager of the French Market Corporation is a classified one by operation of law, and that he could not be discharged orally, as classified employees of the Civil Service must be notified in writing as to the cause for termination. Art. 14, § 15(N)(1) of the Louisiana Constitution provides:
"No person in the State or Classified Service, having acquired permanent Civil Service status, shall be demoted, dismissed, or discriminated against, except for cause, expressed in writing by the appointing authority." *387 He argues that never having been properly terminated, he is entitled to be reinstated posthumously from the date of discharge until his death.[2]
Appellant takes the position that under Art. 14, § 15(A)(3) of the Louisiana Constitution all persons in the employ of the city, board or commission thereof, or a city-owned corporation such as the French Market Corporation are classified employees. Appellant argues that under Art. 14, § 15(G) (a) (4) and (5) of the Constitution, specific exceptions to the classified service are set out and that his position as General Manager of the French Market Corporation does not come within those exceptions. He contends the exceptions include persons in confidential positions of city departments, boards or commissions but not to city owned corporations. He points out that those corporations are not specifically mentioned under the exception and that the French Market Corporation is not a board or commission. Therefore, since his position does not come under the exceptions to classified service, it is classified under the general provisions of the Act. Art. 14, § 15(A)(3).
Assuming, but not holding, that the position of General Manager of the Corporation was classified as argued by appellant, Digerolomo failed to show that he met any of the requirements set out in Art. 14 § 15 of the Louisiana Constitution which would bring him under the classified service.
There was no showing made that Digerolomo was given or ever took a competitive examination to qualify under the Civil Service system as required by § 15(A)(1) which provides:
"Permanent appointments and promotions in the Classified Civil Service * * * shall be made only after certification by the appropriate Civil Service Departments pursuant to a general system based upon merit, efficiency, and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the Classified Service shall be employed from those eligible under such certification."
Nor did Digerolomo qualify under Art. 14, § 15(H) providing for a waiver for unskilled labor as the position of General Manager of the French Market Corporation is of an administrative nature.
Furthermore, he was not blanketed in under Art. 14, § 15(Q) by reason of the fact that he was not employed by the city at the time of the blanketing in as required in that section.
According to Barnett v. Morrison, 51 So. 2d 415 (Orl.La.App.1951)[3] a person is protected in the classified service only if he is legally in that position.
In this case it is undisputed that plaintiff received his position by virtue of political appointment and Digerolomo did not legally comply with the requirements which would bring him under the classified service as set forth in the Act. Failing to do so, he cannot now urge that he is entitled to its benefits.
Accordingly, the action of the Civil Service Commission maintaining the exception of no right or cause of action is affirmed.
Affirmed.
NOTES
[1] LSA-Const. Art. 14, § 15(A) (3) reads in part:

"`City Service' or `Civil Service of the City' means all offices and positions of trust or employment in the employ of the city, or any department, independent agency or other agency, board or commission thereof, including City Boards of Health, or corporations organized for public purposes, any part of the stock of which is owned or controlled by the city, * * *" (emphasis ours).
LSA-Const. Art. 14, § 15(G) (a) (4) and (5) read in part:
"(a) The Unclassified State and City Service shall comprise the following offices and positions:
* * * * *
"(4) members of State and City Boards and Commissions discharging executive, administrative or advisory functions; (5) one private secretary for the President of each college or university, one principal assistant or deputy, one attorney, and one person holding a confidential position to any officer, Board or Commission * * *"
LSA-R.S. 33:2401(A) (6) (c) reads as follows:
"A. The unclassified service shall include the following positions:
* * * * *
"(c) each board or head of a department, except the civil service commission."
[2] Plaintiff died on March 27, 1972. By motion and order of this court on September 14, 1972, Joseph C. Digerolomo, duly appointed and confirmed administrator of the succession of Charles J. Digerolomo, was substituted as appellant herein.
[3] Though this case was decided in 1951 and the present Civil Service Act was not adopted until 1952, nevertheless, the holding is still sound. Before one is entitled to receive benefits either under the prior act or the present one, he must comply with the requirements as set forth in either act.