SCHOTT, Judge.
Plaintiff appeals from a decision of the Civil Service Commission of the City of New Orleans which upheld his dismissal from the Civil Service by the Criminal Sheriff for the Parish of Orleans because of negligence in the performance of his duties as a prison officer.
The Commission included the following findings of fact in their decision:
“1. During appellant’s watch between 11 P.M. and 3 A.M. April 22, 1973, and April 23, 1973, a substantial number of inmates escaped from the roof of Parish Prison within sight and hearing of appellant’s position in the roof Guard Tower at Parish Prison.
“2. Appellant had been suffering from diarrhea during his watch and was required to use the bathroom facilities in the tower with some frequency.
“3. Appellant did not seek relief from his duties that night but reported in every thirty minutes that all was well from his vantage point.
“4. Had appellant been more alert he would have seen the escapees.”
*926 In his appeal plaintiff specifies the following errors on the part of the Commission :
“I. AS A MATTER OF LAW, THE CIVIL SERVICE COMMISSION ERRED WHEN, AFTER APPELLANT, WHO BORE THE BURDEN OF PROOF, PROVED BY UNRE-BUTTED EVIDENCE THAT HE REPORTED TO WORK, ADVISED AP-PELLEE, APPOINTING AUTHORITY, THAT HE WAS ILL WHEREUPON APPELLEE ASSIGNED HIM TO DUTY ANYWAY AND THEREAFTER DISMISSED EMPLOYEE-APPELLANT FOR NEGLIGENCE EMANATING FROM APPELLANT’S PREVIOUSLY REPORTED ILLNESS, CONTRARY TO THE LAW AND EVIDENCE.
“II. AS A MATTER OF LAW, THE CIVIL SERVICE COMMISSION ERRED WHEN IT FOUND THAT APPELLANT’S DISMISSAL WAS NOT AN ARBITRARY OR UNWARRANTED ABUSE OF THE APPOINTING AUTHORITY’S DISCRETION, AND APPELLANT DID NOT PROVE OTHERWISE, WHEN APPELLANT BY UNREBUTTED EVIDENCE PROVED OTHERWISE, CONTRARY TO THE LAW AND EVIDENCE.”
In our review of this case, we do not review findings of fact by the Commission from the standpoint of sufficiency of evidence. Their factual findings are final and will not be disturbed if there is any evidence to support those findings. Our review is for the most part limited to questions of law. Hoover v. Department of Finance, 283 So.2d 298 (La.App. 4th Cir. 1973); Bryant v. Division of State Buildings and Grounds, 264 So.2d 678 (La.App. 1st Cir, 1972).
In support of his first specification of error, plaintiff contends that the Commission ignored much of the evidence he submitted to show that the reason for the escape of the eleven prisoners was not his negligence but his disability, which was known to his superior before he went on duty and disabled him in the performance of his duty to the extent that the escape went unnoticed by him. However, our review of the record does not support plaintiff’s version of the case.
Plaintiff’s job was to maintain surveillance over the roof of the Parish Prison from a watch tower provided for that purpose. When he reported for work on the night of April 22 plaintiff was suffering from diarrhea which required him to relieve himself every 15 or 20 minutes and to remain on the commode 45 minutes at a time. This resulted from a flareup of dysentery which he had contracted in 1967 while in Viet Nam. The last time he had experienced this difficulty while on the job was two years before the incident in question and he had diarrhea attacks on the average of two or three times a month prior to the incident. He testified that the captain of his watch was aware of his disease and that he had to make frequent bathroom calls, and the captain of his watch testified that “Mr. Maher came in that night and informed me he wasn’t feeling well; that he had dysentery during the day, sir, and he went to his assigned point on the roof, which they have a sink and a commode there and that the man could use.”
We do not find from this testimony, or from any testimony in the record that plaintiff’s superior was aware of the extent of his disability when he reported for duty on the night in question and that plaintiff was ordered to duty in spite of this knowledge on the part of his superior. We find that while his superior might have been generally aware of the fact that plaintiff was ill, no one except the plaintiff knew the extent of his disability and it was his own decision to go to his post notwithstanding the severe handicap under which he would have to work. Furthermore, it was entirely inconsistent for plaintiff to be *927 reporting from his post that all was secure every 30 or 35 minutes and at the same time with such frequency and for such long periods of time being on the commode where he could not perform his duty for the duration of his watch. There is nothing in the record to suggest that his superior would have sent him to the post in the first instance or refused to relieve him during his tour had that superior known the extent of disability under which plaintiff was laboring.
In support of his second specification of error plaintiff relies on Jones v. Louisiana Department of Highways, 259 La. 329, 250 So.2d 356, and Morrell v. Department of Welfare, 266 So.2d 559 (La.App. 4th Cir. 1972). We do not find that these cases support plaintiff’s position, but on the contrary militate against him. Plaintiff was discharged because his negligence was found to have made it possible for 11 prisoners facing serious felony charges to escape from Parish Prison to freedom on the streets of the City of New Orleans. It can hardly be said that plaintiff’s dismissal constituted harsh or unreasonable punishment or that the Sheriff’s dismissal of him was arbitrary, unwarranted or capricious under the circumstanses.
The decision of the Civil Service Commission of the City of New Orleans is affirmed.
Affirmed.