COVINGTON, Judge:
This is an appeal by appellant, Roger Wilkinson, seeking review of a ruling by the State Civil Service Commission which dismissed appellant’s appeal from his termination of employment with Louisiana State University. The Commission dismissed the appeal upon its finding that he was not a classified employee, and even if he was, his appeal was not timely or in accord with rule 13.12 of the Louisiana Civil Service Commission rules. We affirm the Commission’s ruling.
Appellant was employed by the Louisiana Cooperative Extension Service, a division of the Center for Agricultural Sciences and Rural Development of the Louisiana State University and Agricultural and Mechanical College (LSU).
Article 14, Section 15(G) (a) (7) of the Louisiana Constitution of 1921 states, in part:
“(a) The Unclassified State and City Service shall comprise the following offices and positions:
******
(7) the teaching, professional and administrative officers of all schools, colleges, and universities of the State, and bona fida students of such institutions employed by any State agency
Appellant' was an Associate County Agent, and such employees are considered as teachers, in the field, from Louisiana State University. Therefore, being a teacher, he is unclassified according to the Louisiana Constitution. Article 14, Section 15(0) (2) of the Constitution of 1921 limits the right of appeal to the commission to “persons in the State or City Classified Service.”
The testimony of Donald H. Spurlock, Tr. 40-41, regarding the position taken by the University with regards to Civil Service was as follows:
“Q. As personnel Officer, do you report to the Director of State Civil Service any personnel records in connection with any of the Associate County Agents ?
A. No Ma’am, we do not.
Q. In the employment of an Associate County Agents (sic) is there any test given by the Director of Civil Service before the selection is made?
A. No Ma’am, there is not.
*484 Q. Is any test given other than the meeting of certain prerequisities you have just mentioned? (Educational and experience).
A. There are some personal interviews, no written test.
Q. Who conducts the personal interviews ?
A. The personal interviews are conducted by the supervisor . . . ”
***** *
Q. Then I take it that in recruiting employees for this particular job, you do not look to any list of employa-bles from State Civil Service Department ?
A. That is correct, we do not.
Q. And. you have no obligation or first • you have no obligation and have not up to this point made any personnel report records for the Civil Service Department ?
A. No, Ma’am.
Q. Insofar as Associate County Agents ?
A. (Inaudible).
Q. When the pay raises went into effect in recent years for State Civil Service employees, did that also affect the raises given to Associate County Agents ?
A. The Civil Service pay raises had no effect on Associate County Agents. The raises that they received came from money that was appropriated to the University by the Legislature for that purpose.”
This testimony remains in the record, completely uncontroverted by appellant. In Digerolomo v. French Market Corporation, 272 So.2d 385 (La.App. 4th Cir., 1973), writ refused, La., 275 So.2d 784, it was held that where a person did not legally comply with the requirements which would bring him under classified service, he could not urge that he was entitled to the benefits of classified service.
 The question whether Roger P. Wilkinson was or was not a classified employee is a question of fact. This factual question was resolved by the commission contrary to Mr. Wilkinson and it is supported by the record; further, we are bound by the factual finding of the Commission; Louisiana Constitution of 1921, Article 14, Section 15(O)(1); Drake v. Department of Health, 188 So.2d 92 (La.App. 4th Cir., 1966), application denied, 249 La. 730, 190 So.2d 239; Cortez v. Department of Public Safety, Division of State Police, 292 So.2d 876 (La.App. 1st Cir., 1974); Maher v. Criminal Sheriff Dept., 298 So.2d 924 (La.App., 4th Cir., 1974).
Finding that appellant was not a classified employee, it is unnecessary that we determine the sufficiency of the notice dated August 24, 1973, or the timeliness of the appeal dated March 12, 1974, and filed March 15, 1974. Therefore, the Commission’s ruling dismissing appellant’s appeal is affirmed.
All costs are assessed against the appellant.
Affirmed.