United States Court of Appeals,

Fifth Circuit.

No. 95-30223.

Mariette WALLACE, Plaintiff-Appellant,

v.

SHREVE MEMORIAL LIBRARY, et al., Defendants-Appellees.

June 20, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before GARWOOD, EMILIO M. GARZA and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This case returns to us after the Louisiana Supreme Court declined to accept our certified question. In the absence of guidance from the high court of Louisiana, we will attempt to determine Louisiana's law on the issue of whether a library technician for a parish library can be a permanent classified civil service employee under Louisiana law, even though that employee has never taken a competitive civil service examination or otherwise complied with civil service requirements. After independent review of the issue, we determine that such a worker can be a permanent classified civil service employee, and thus be entitled to due process before dismissal from her job. Therefore, the summary judgment of the district court is reversed and the case remanded for trial.

BACKGROUND

A full discussion of the facts of this case can be found in our previous opinion, *Wallace v. Shreve Memorial Library,* 79 F.3d 427 (5th Cir.1996) (*"Wallace I"* ). In brief, plaintiff-appellant Mariette Wallace was fired from her job as a library technician with defendant-appellee Shreve Memorial Library. Wallace sued the library, claiming that her Fourteenth Amendment right to due process was violated when she was fired without a hearing. The library admits that the dismissal was without due process, but argues that due process was not required, because Wallace did not have a property interest in her job.

As we noted in *Wallace I,* "[a] public employee who has a property interest in her job cannot

be fired without due process of law." *Wallace I,* 79 F.3d at 429 (citing *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).  "Whether one has a property interest in her job is determined by state law, in this case, Louisiana law." *Id.* (citing *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)).  There are two way s Wallace can have a property interest in her job under Louisiana law:  (1) if the library contracted with her to fire her only for cause or (2) if she is a permanent classified employee under the Louisiana civil service system. *Id.*  In *Wallace I* we held that the library did not contract with Wallace to fire her only for cause. Thus, the only way Wallace can have a property interest in her job, and thus be entitled to due process before dismissal, is if she is a permanent classified employee under the Louisiana civil service system.

In Louisiana, a permanent classified civil service employee has a protected property interest in her job. *Bell v. Dept. of Health and Human Resources,* 483 So.2d 945, 949-50 (La.), *cert. denied,* 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986).  "Under the Louisiana Constitution, classified service is the rule:  all state employees are members of the classified civil service unless their positions are specifically excepted from classified service by law." *Wallace I,* 79 F.3d at 431 (citing LA.CONST. Art. 10, § 2(A) ("The state and city civil service is divided into the unclassified and the classified service.  Persons not included in the unclassified service are in the classified service.")).  We noted in *Wallace I* that Wallace's position, library technician, is not specifically listed as an unclassified job in the constitution or the Louisiana Civil Service Rules.  *Id.*

The question of whether Wallace is a classified employee is complicated, however, by another provision of the Louisiana Constitution.  Article 10, § 7 of the Louisiana Constitution sets forth the requirements for obtaining permanent classified civil service status:

> Permanent appointments and promotions in the classified state and city civil service shall be made after certification by the appropriate department of civil service under a general system based upon merit, efficiency, fitness and length of service, as ascertained by examination which, so far as practical, shall be competitive.

Wallace did not take a competitive examination before she was hired, and she was not hired according to civil service rules, but rather, according to the library policy manual.  The library argues that because Wallace was not hired according to civil service requirements, she can not be a permanent classified civil service employee.

In *Wallace I* we noted that these two constitutional provisions seemingly conflict: "Article 10, § 2 of the Louisiana Constitution clearly says that all state and city employees not included in the unclassified service are in the classified service. Yet, Article 10, § 7 requires classified service appointments to be made according to civil service rules, based on merit and a competitive examination." *Wallace I,* 79 F.3d at 432. Because of this apparent conflict, as well as the dearth of Louisiana cases resolving the problem, we certified the following question to the Louisiana Supreme Court:

> Assume a parish library has no formal civil service system established and does not hire or promote workers according to civil service rules using competitive examinations. Can a library technician for that library, who has never taken a competitive examination or otherwise complied with civil service requirements, be considered a classified civil service employee under Louisiana law?

*Id.* Because the Louisiana Supreme Court declined to accept our certified question, we resolve the issue ourselves.

DISCUSSION

In determining whether Wallace is a permanent classified civil service employee, we are guided by the Louisiana Supreme Court's recent decision in *Polk v. Edwards,* 626 So.2d 1128 (La.1993). In *Polk* the court considered the constitutionality of several statutes allowing gambling. Of particular relevance to the case at bar is a provision exempting from the civil service system the Louisiana Economic Development and Gaming Corporation, the body that oversees gaming in Louisiana. The court held that because the gaming corporation was an instrumentality of the state "it is constitutionally mandated that its employees be included within the state civil service system, since they are not otherwise excluded." *Id.* at 1145.

In its opinion the court noted that "the unmistakable intent of the state civil service system is to include within its scope all employees, officers, agents, and officials of the state, except those expressly designated therein as unclassified employees." *Id.* at 1146. The court placed great emphasis on the fact that Louisiana's civil service system "rises to constitutional status." *Id.* at 1147. "To treat this legislative entity as ... outside of the civil service system would effectively emasculate the constitutional provision, which mandates civil service for "all persons holding offices and positions

of trust or employment in the employ of ... any instrumentality' of the state." *Id.*

Based on our reading of *Polk,* as well as the plain language of Article 10, § 2, we hold that Wallace can be a permanent classified civil service employee. The fact that she did not obtain her position through competitive exam or otherwise comply with the civil service requirements as mandated by Article 10, § 7 does not remove her from the civil service system. Allowing a governmental body to exclude employees from the civil service system merely by refusing to comply with the constitutionally mandated civil service requirements would bring about that which the Louisiana Supreme Court decried in *Polk:* the effective emasculation of the "constitutional provision[ ] which mandates civil service". *Polk,* 626 So.2d at 1146. We would find it exceedingly curious if the Shreve Memorial Library had the power to do that which the Louisiana Legislature did not, namely, remove employees from the civil service system contrary to the Louisiana Constitution.

The library relies principally on *Digerolomo v. French Market Corp.,* 272 So.2d 385 (La.Ct.App.1973), for its contention that an employee must have been employed pursuant to civil service requirements to claim civil service status. A close reading of *Digerolomo* in light of *Polk,* however, reveals that the case's holding is not so far reaching.

Charles Digerolomo was appointed, by the mayor of New Orleans, as general manager of the French Market Corporation, a city-owned corporation that operated the French Market in New Orleans. *Id.* at 386. After being fired, Digerolomo sued the corporation, claiming that he was entitled to civil service protection. He contended that his position was not specifically made unclassified by the constitution, so he was a classified employee. The constitution excepts individuals in confidential positions of city departments, boards and commissions. LA.CONST. Art. 10, § 2(B)(2). Digerolomo argued that this exception from classified service did not extend to city-owned corporations.

The Louisiana appellate court, assuming arguendo that Digerolomo's position was classified, held that he was still not a classified civil service employee because he did not meet any of the requirements of the constitution "which would bring him under the classified service." *Digerolomo,* 272 So.2d at 387. Specifically, he never took a competitive examination. *Id.* The court concluded

by saying "it is undisputed that [Digerolomo] received his position by virtue of political appointment and [he] did not legally comply with the requirements which would bring him under the classified service as set forth in the Act. Failing to do so, he cannot now urge that he is entitled to its benefits." *Id.*

While we do not say that *Digerolomo* was wrongly decided, we believe that it should be read narrowly, especially in light of *Polk.*[1] The facts of *Digerolomo* militate in favor of a narrow reading. Digerolomo was the head of a city-owned corporation, the type of position generally excluded from classified service. LA.CONST. Art. 10, § 2(B)(2). Additionally, he was a political appointee. Wallace was a library technician, a position that is not unclassified, and is not closely analogous to an unclassified position. There is no evidence she was a political appointee like Digerolomo.

In light of its recent decision in *Polk,* we do not believe the Louisiana Supreme Court would expansively read *Digerolomo* and hold that the failure of a governmental entity to comply with civil service requirements in hiring individuals precludes those employees from obtaining permanent classified civil service status.

CONCLUSION

It is important to bear in mind that we are considering t his case after a grant of summary judgment in favor of the library. Wallace has not cross-moved for summary judgment. Therefore, we have viewed all evidence in the light most favorable to the non-movant, Wallace. We do not say that Wallace is a permanent classified civil service employee; a factfinder will make that determination. We do, however, hold that a go vernmental employer's failure to comply with civil service requirements does not preclude its employees from obtaining permanent classified civil service status. Therefore, there is a fact issue as to whether Wallace was a permanent classified civil service employee, and summary judgment is inappropriate. The district court's grant of summary judgment

---

[1]Our conclusion that *Digerolomo* is not an epochal case is buttressed by the fact that it has been cited by only one Louisiana court. *Wilkinson v. Louisiana State Univ.,* 316 So.2d 482, 484 (La.Ct.App.1975). And, in the citing case, the employee clearly occupied an unclassified position. *Id.* at 483 ("Therefore, being a teacher, he is unclassified according to the Louisiana Constitution."). Thus, Louisiana courts have not read *Digerolomo* to broadly hold that individuals not taking civil service exams or otherwise formally complying with civil service requirements are precluded from becoming permanent classified civil service employees.

is REVERSED and this case is REMANDED for trial.