# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

———————

m 99-20005

———————

SUSAN L. GERHART,

Plaintiff-Appellee

VERSUS

EDWARD J. HAYES, ET AL,

Defendants,

EDWARD J. HAYES, GLENN GOERKE, JAMES T. HALE,
and
WILLIAM A. STAPLES,

Defendants-Appellants.

———————

Appeal from the United States District Court
for the Southern District of Texas

———————

February 4, 2000

Before HIGGINBOTHAM and SMITH,
  Circuit Judges, and FALLON, District
  Judge.[*]

JERRY E. SMITH, Circuit Judge:

———————

[*] District Judge of the Eastern District of
Louisiana, sitting by designation.

Susan Gerhart sued Edward Hayes, Glenn
Goerke, James Hale, and William Staples fol-
lowing her termination from the University of
Houston's Research Institute for Computing
and Information Systems ("RICIS"). The de-
fendants appeal the denial of their motion for
summary judgment on the basis of qualified
immunity. Concluding that Gerhart did not

allege sufficient facts to create a genuine issue of material fact as to her claim of retaliatory discharge in violation of the First Amendment or of violation of procedural due process, we reverse and render judgment in favor of defendants.

I.

RICIS was founded in 1986 through a cooperative agreement between the University of Houston and the Lyndon B. Johnson Space Center jointly to manage an integrated program of research in advanced data processing technology for the space program. Through the agreement, a portion of the research support funding provided to RICIS by the Space Center was retained by the university's Finance and Administration Department to cover indirect costs associated with the support of RICIS.

In April 1993, Gerhart was hired as the director of RICIS to diversify and increase the sources of RICIS funding. Hale was vice-president for administration and finance, and Hayes was senior vice-president and provost. Gerhart questioned, as excessive, the amount of discretionary funding the university retained. Specifically, she complained to Hale and Hayes that the finance and administration funds should be reallocated for use in RICIS's research program. She also voiced these concerns to other academic colleagues within the university. Her complaints ultimately had little impact, however; none of the defendants adopted her position or changed the allocation of funds.

In May 1995, Hayes notified Gerhart that her employment was being terminated, citing a lack of progress to broaden the funding base for RICIS. In the dismissal letter, Hayes invited her to present any argument or evidence as to why she should be retained. Gerhart did not dispute that the funding for RICIS had declined precipitously during her tenure; she admitted that she had failed to secure *any* new funding for RICIS in the two years she was the director, and she subsequently admitted that it was appropriate for Hayes to link his assessment of her job performance to her success in diversifying the funding sources for RICIS.

Gerhart appealed her dismissal administratively within the university, which assembled a grievance hearing panel of one faculty member and two administrators, all of whom were chosen by a human resources director without any influence by defendants. After hearing testimony and receiving documents from Gerhart, the panel upheld the termination. President Staples received and accepted the panel's recommendation.

Gerhart alleged, *inter alia*, claims pursuant to 42 U.S.C. § 1983, asserting that defendants had violated her First Amendment right to free speech by terminating her in retaliation for her complaints about RICIS's allocation of funding and had violated her procedural due process rights guaranteed by the Fifth and Fourteenth Amendments. The defendants moved for summary judgment on the basis of qualified immunity.[1] The district court denied

---

[1] Gerhart argues, for the first time on appeal, that the defendants' assertion of qualified immunity within one month of the date of trial is abusive and, as a result, that we should summarily dismiss the appeal. She points to the fact that at the time the summary judgment motion was filed, the scheduling order in effect had closed discovery and had closed the filing for dispositive motions.

The defendants correctly point out, however,
(continued...)

the motion, concluding that material issues of fact remained as to both claims.

## II.

Gerhart argues that we are without jurisdiction to hear this appeal because the defendants seek a review of factual, not legal, issues. She points to *Colston v. Barnhart,* 146 F.3d 282 (5th Cir.) (on petition for rehearing en banc), *cert. denied,* 525 U.S. 1054 (1998), as supporting the proposition that a defendant may not appeal an order denying a qualified immunity defense when review is sought on a finding that the summary judgment record sets forth a genuine issue for trial.[2]

Gerhart selectively quotes from *Colston* and overlooks its more important and relevant discussion. In interpreting *Behrens v. Pelletier,* 516 U.S. 299 (1996), the *Colston* court noted that "when a district court denies a mo-

tion for summary judgment on the ground that 'genuine issues of material fact remain,' the court has made two distinct legal conclusions. First, the court has concluded that the issues of fact in question are *genuine*." *Colston,* 146 F.3d at 284 (emphasis added).

More significantly, the *Colston* court noted the district court's second legal conclusion "that the issues of fact are *material*, i.e., resolution of the issues might affect the outcome of the suit under governing law." *Id.* (emphasis added). While the first of these determinations was not reviewable, *Colston* and *Behrens* made "clear that an appellate court is free to review a district court's determination that the issues of fact in question are material." *Id.*

When a district court does not identify the evidence that creates the "genuine" issue of fact, we "may have to undertake a cumbersome review of the record to determine what facts the district court, in the light most favorable to the nonmoving party, likely assumed." *Behrens,* 516 U.S. at 313. Here, on both claims the district court stated only summarily that there remained genuine issues of material fact that precluded summary judgment. Consequently, we may review the underlying facts to make our own determination on *both* genuineness and materiality issues.

Moreover, we have jurisdiction to consider whether the district court applied the correct legal standard on summary judgment.[3] Here,

---

(...continued)

that their motion was timely filed on the deadline for dispositive motions. Because Gerhart does not set forth any facts that would suggest that the defendants acted with any dilatory or improper motive in filing when they did, we decline the request to dismiss.

[2] Gerhart also quotes *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 633 (5th Cir. 1999), in which we stated, in a qualified immunity case, that "[w]e have appellate jurisdiction to review the district court's decision denying summary judgment only to the extent it turns on an issue of law. Or said differently, our appellate jurisdiction does not allow us to review that district court's factual findings." Gerhart does not read enough of *Lemoine*, however, for that court actually held that, consistent with *Colston*, we defer only to a district court's articulation of the genuinely disputed facts, *not* to a determination that those facts are material. *See id.* at 634.

---

[3] *See Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir. 1996) (en banc) (holding that the appeal did not present a fact-intensive inquiry, but "[r]ather, it presents a legal issue antecedent to the
(continued...)

that review involves a question of what are the necessary elements of each of Gerhart's claims and whether there are genuine issues of material fact on *each* of those elements. These are questions of law that we review *de novo*. Before reaching the narrower issue of qualified immunity, we must consider whether the plaintiff has alleged the violation of a clearly established constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

### III.

Defendants argue that the district court incorrectly rejected their qualified immunity defense on Gerhart's procedural due process claim. They assert that she has not set forth sufficient facts to establish a constitutional claim of a due process violation. Gerhart, on the other hand, alleges that the defendants violated her right to procedural due process because she was not provided sufficient notice of the reason for her termination and was not afforded the opportunity to have an attorney present at the administrative review panel.

The district court concluded that there was a material issue of fact as to whether the defendants had provided adequate notice of termination and an opportunity for Gerhart to be heard. The court did not identify what those issues of fact were, however, but instead focused almost exclusively on justifying its conclusion that Gerhart held a constitutionally protected property interest in continued employment.

Regardless of the nature of Gerhart's

interest in her employment,[4] it was incumbent on the court to identify which facts were at issue and were material to her claim of a due process violation. Because it failed to do so, we must undertake an independent review of the record to determine which facts, if any, were genuinely disputed and were material to the claim.

The constitutional guarantee of due process requires notice and an opportunity to respond. *See generally Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). In our review of the record, we find no facts that suggest that Gerhart did not receive both. First, it is undisputed that she received the termination letter from Hayes. It provided her with the reason for her termination,SSi.e., her complete failure to achieve the main job objective of increasing funding for RICISSSand it informed her of the procedure for appealing the decision to Hayes.

Furthermore, when she received the notice of intent to terminate her employment, Gerhart provided extensive documentation in an attempt to rebut any criticism of her performance. Hayes read her response. It is odd, then, that Gerhart still maintains that although she received the letter, on its face that letter gave no notice of any charges against her that would support her termination. The undisputed facts simply do not support her assertion, and, as a result, no issues of fact remain as to whether she received notice.

In addition, Gerhart argues that she did not have an opportunity to be heard, because she was not allowed an attorney at her

---

(...continued)

determination of whether there are genuine issues of material fact. Our review of the legal issues in this appeal goes to the legal question of the correct legal standard.").

---

[4] For purposes of this appeal, the defendants have conceded that Gerhart has a constitutionally protected liberty interest in continued employment.

administrative hearing.[5] She asserts that under Texas law, a public employee is entitled to be represented by an attorney where termination of employment is at issue. What she fails to establish, however, is that constitutional due process requires an attorney present at her post-termination administrative review hearing. The fundamental issue in due process law is not whether state officials violated state law, but whether they provided the plaintiff with the constitutional minima.[6]

Gerhart has not set forth any facts establishing that the defendants violated the constitutional due process minima of notice and an opportunity to be heard. *See Loudermill.* Therefore, the district court erred in denying summary judgment on this claim.

IV.

The defendants appeal the denial of their summary judgment motion on Gerhart's First Amendment claim. They contend that she has not set forth sufficient facts to establish the required elements for determining whether a public employee has been discharged in retaliation for constitutionally protected speech, *to-wit*, that (1) the employee's speech must be "a matter of public concern;" (2) "the public employee's interest in commenting on matters of public concern must outweigh the public employer's interest in promoting efficiency;" and (3) "the employee's speech must have motivated the decision to discharge the employee." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

The district court concluded that there was "a fact question concerning whether Gerhart's expression of concern regarding allocation of RICIS funds constitutes protected speech and if so, whether her utterance of this speech was the real reason she was terminated." But the court is mistaken. The question whether Gerhart's expression is constitutionally protected speech is a *legal* issue, not a factual one, and there is no dispute as to the content of that speech. Consequently, whether Gerhart's speech is a matter of public concern is a question that is appropriate for summary judgment.

In *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1051 (5th Cir. 1996), we held that "speech made in the role as employee is of public concern only in *limited* cases: those involving the report of corruption or wrongdoing to higher authorities." (Emphasis added.) Gerhart relies on *Barnes v. McDowell*, 848 F.2d 725,734 (6th Cir. 1988), for the proposition that "it is possible to view allegations that public monies are being spent unwisely and that government program is being run inefficiently, as implying that public agency or official is corrupt."

But even *Barnes* does not support Gerhart's position, for that court opined that "when a defendant has moved for summary judgment, a plaintiff must present concrete evidence to support the allegation [of retaliation] in order to survive the motion." *Id.* Gerhart has not done this: She sets forth no facts or allegations that she spoke out as a citizen, rather than as an employee. Likewise,

---

[5] On appeal, Gerhart does not renew her argument that the administrative review panel's members were biased.

[6] *See FM Properties v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) ("Converting alleged violations of state law into federal due process claims improperly bootstraps state law into the Constitution.") (internal punctuation marks omitted) (*quoting Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1056 (5th Cir. 1985) (en banc)).

she has presented no evidence or allegations that her speech involved the reporting of any corruption or wrongdoing by the defendants.

The only logical inference from the facts presented is that Gerhart was speaking in her role as an employee, and, consequently, her expression was not a matter of public concern and was not constitutionally protected speech. Thus, the district court should have granted summary judgment.[7]

The order denying summary judgment is REVERSED, and a judgment of dismissal is RENDERED in favor of defendants.

---

[7] *See Wallace*, 80 F.3d at 1051 (upholding summary judgment because plaintiff "failed to allege facts, much less present evidence, sufficient to constitute speech on a matter of public concern"). *Accord Barnes*, 848 F.2d at 736 (noting that plaintiff "presented no evidence linking any of [the employee's expression] to corruption in the Bureau or in the Program. Consequently, instead of having addressed a matter of public concern, [plaintiff's] complaints appear to be nothing more than examples of the quintessential employee beef: management has acted incompetently.").