# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

————————

m 99-20005

————————

SUSAN L. GERHART,

Plaintiff-Appellee

VERSUS

EDWARD J. HAYES, GLENN GOERKE, JAMES T. HALE,
and
WILLIAM A. STAPLES,

Defendants-Appellants.

————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————

June 29, 2000

<u>ON PETITION FOR REHEARING EN BANC</u>

Before HIGGINBOTHAM and SMITH, Circuit Judges, and FALLON, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. In response to the petition, however, the court determines that it need not have decided

_____

[*] District Judge of the Eastern District of (continued...)

[*](...continued)
Louisiana, sitting by designation.

whether the plaintiff's statements regarding the allocation of funding were of public concern or whether they were constitutionally protected speech. Instead, it was dispositive of plaintiff's First Amendment retaliation claims that she could not establish that her speech was a "substantial factor" motivating defendants' termination decision and that the defendants had shown that they would have taken the same action even in the absence of her speech. Accordingly, part IV of the opinion, 201 F.3d 646, 650 (5th Cir. 2000), is hereby deleted, and the following is substituted:

## IV.

The defendants appeal the denial of their motion for summary judgment on Gerhart's First Amendment retaliation claim. First, they contend that she has not set forth sufficient facts to establish that her statements criticizing the allocation of RICIS's funds were constitutionally protected speech. Next, they argue that even if her speech was protected, she cannot show that her statements were a substantial or motivating factor in their decision to terminate her. Finally, defendants argue that even if her protected speech was a substantial factor in the decision to terminate her, they have established undeniably that they would have terminated her regardless of that speech.

In *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977), the Court set forth a three-prong test that a plaintiff must satisfy to prevail on a First Amendment retaliation claim. That test provides that: (1) a plaintiff must first show that his speech was on a matter of public concern; (2) he must prove that his speech was a "substantial or motivating factor in the termination;" and (3) the defendant can escape

liability by showing that it would have taken the same action even in the absence of the protected conduct. *Id.* at 287.

In our original opinion, we concluded that Gerhart had failed to satisfy the first of these prongs, because when she criticized the amount of discretionary funding the university retained, she "was speaking in her role as an employee, and, consequently, her expression was not a matter of public concern and was not constitutionally protected." 201 F.3d at 650. But because Gerhart's claim fails under the second and third prongs, we can avoid the more difficult question of whether her speech regarding the RICIS funding was on a matter of public concern. *See, e.g., Connick v. Myers*, 461 U.S. 138 (1983); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1051 (5th Cir. 1996); *Moore v. City of Kilgore, Tex.*, 877 F.2d 364 (5th Cir. 1989).

With respect to the causation prong, then, defendants note that only defendant Hayes made the decision to terminate Gerhart. The undisputed summary judgment evidence is that Hale was not involved with personnel matters involving RICIS and made no recommendation or decision regarding Gerhart's employment.

While Goerke, the former president, approved Gerhart's recommended termination before leaving office in August 1994, it is undisputed that his approval was never acted upon. In fact, Goerke subsequently gave Hayes permission to evaluate Gerhart's performance independently.

Staples had no role whatsoever in the termination decision. Instead, his only involvement was as the final authority in the university's appeal process. Thus, in no way has Gerhart established that these defendants

2

were motivated by her statements to terminate her, because she cannot show that they took any actions as result of her speech.

Hayes, then, was the only defendant who made the decision to terminate Gerhart. He also was aware of her stated position that the accumulated funds should be used for research purposes, not discretionary spending, a position with which he disagreed. From these two facts, Gerhart asserts that there was sufficient evidence of causation to require that this issue be submitted to the jury.

But these facts are insufficient to defeat summary judgment. Gerhart has offered no other evidence that would establish that the motive behind Hayes's decision to terminate her was to retaliate for her having spoken out on this issue. In *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998), the Court held that where a defendant public official moves for summary judgment, "the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Gerhart has failed to set forth any evidence of improper intent with respect to Hayes or any other defendant.

Gerhart's First Amendment retaliation claims also fail under the third prong of the *Mt. Healthy* analysis. "[E]ven if we assume the exercise of protected first amendment activity played a substantial part in the decision to terminate an employee, the termination is not unconstitutional if the employee would have been terminated anyway." *White v. South Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982).

Defendants' summary judgment evidence establishes that they would have fired Gerhart regardless of her stated positions on the RICIS funding. GerhartSSwho was hired to diversify and increase the sources of RICIS fundingSSdoes not dispute that she failed to secure *any* new funding during her two years on the job. Nor does she dispute that the overall funding for RICIS declined precipitously during her tenure. Notably, even she conceded that it was appropriate for Hayes to link his assessment of her job performance to her success in diversifying and increasing the funding sources for RICIS.

Hayes's May 1995 notification letter recounted these very reasons for her termination. There is no evidence that defendants would not have fired her because of these failures, and all of their evidence suggests they would have done so. Therefore, defendants have established that, even if Gerhart's speech was protected and was a substantial factor motivating their termination decision, they would have taken the same action in the absence of that speech. *See Hillis v. Stephen F. Austin State Univ.*, 665 F.2d 547, 551-52 (5th Cir. 1982) (rejecting as clearly erroneous the factual finding that the plaintiff's non-renewal was predicated on his First Amendment speech, and granting summary judgment).

The order denying summary judgment is REVERSED, and a judgment of dismissal is RENDERED in favor of defendants.