**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40759**
**Civil Docket # 2-97-CV-170-TJW**

_____

**FAYE ANDERSON,**

**Plaintiff-Appellant,**

**versus**

**HARRISON COUNTY, TX.; ET. AL.,**

**Defendants,**

**HARRISON COUNTY, TX.,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____

April 12, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

PER CURIAM:[*]

Ms. Anderson, formerly the Chief Justice Court Clerk of Harrison County, sued the County and Mary Edwards, former Justice of the Peace, because of Anderson's termination. The district court granted summary judgment to both defendants. Finding no error, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, Ms. Anderson's counsel eloquently argued that a jury should decide whether his client was fired for her well-publicized views on the possible closing of a Justice of the Peace office. The district court, however, found no evidence of causal connection between Anderson's public policy comments and her being fired.

Nevertheless, and even assuming for present purposes, that fact issues exist on causal connection, we are confronted by the prong of the Mt. Healthy test which permits a defendant to show that it would have taken the same action in the absence of protected conduct. Gerhart v. Hayes, 217 F.3d 320, 321 (5th Cir.), (opinion on rehearing) *cert. denied*, 121 S.Ct. 573 (2000) (citing Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568 (1977)). The evidence is undisputed that appellant was grossly insubordinate to Justice of the Peace Edwards on more than one occasion. Further, during appellant's leave of absence, evidence of Anderson's chronic mismanagement of office appeared to Edwards. For both of these reasons, Edwards's stated intent to fire Ms. Anderson no matter what her views on issues of public concern must be credited. For purposes of qualified immunity, Edwards's conduct in terminating Anderson for her misconduct and office management errors was objectively reasonable and entitled her to judgment.

Second, the district court properly granted summary judgment for the County because there was no evidence that the

County maintained any unconstitutional policy that caused Anderson's termination.

Third, to the extent Anderson argues that her opportunity for discovery was unreasonably restricted, we find no abuse of discretion by the district court. A year passed between the summary judgment rendered on immunity grounds for Edwards and the grant of summary judgment to Harrison County. Ample opportunity existed for discovery from Harrison County during that period, even though discovery had been earlier limited to qualified immunity issues. And the district court was following standard procedure by limiting discovery initially to matters relevant to qualified immunity.

For these reasons, the district court's judgment is **AFFIRMED**.