**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-31294

Summary Calendar

SCOTT YARNELL,

Plaintiff-Appellant,

VERSUS

CITY OF NATCHITOCHES; POLICE DEPARTMENT CITY OF NATCHITOCHES;
NATCHITOCHES CITIZENS COMPLAINT REVIEW COMMITTEE OF NATCHITOCHES
POLICE DEPARTMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana, Alexandria

(00-CV-1512)

May 1, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Scott Yarnell appeals the grant of summary judgment in favor
of the defendants on his claims of racial discrimination,
disability discrimination, retaliation for union activities,

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

violation of due process, and intentional infliction of emotional distress.

We review the grant of summary judgment de novo, applying the same standards as the district court. Piazza v. Maine, 217 F. 3d 239, 244 (5th Cir. 2000). Summary judgment is granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 (1986).

Yarnell argues that the district court did not allow for sufficient discovery. "If [Yarnell] needed more discovery . . ., it was up to [him] to move for a continuance pursuant to rule 56(f). Because [he] did not, [he] is foreclosed from arguing that [he] did not have adequate time for discovery." Potter v. Delta Air Lines, Inc., 98 F.3d 881, 887 (5th Cir. 1996). Even assuming Yarnell could make the argument on appeal, he has not stated what relevant information would be discovered or how additional discovery would create an issue of fact. Moore, 233 F.3d at 876; Canady v. Bossier Parish Sch. Bd., 240 F.3d 437, 444 (5th Cir. 2001).

In order to prove racial discrimination, a plaintiff must establish a prima facie case: "(1) that he is a member of a protected group; (2) that he was qualified for the position held; (3) that he was discharged from the position; and (4) that he was replaced by someone outside of the protected group." Byers v. Dallas Morning News, 209 F.3d 419, 426 (5th Cir. 2000). If the

plaintiff succeeds, the defendant must then provide some legitimate, non-discriminatory reason for the employee's rejection, which the plaintiff may rebut as mere pretext for discrimination. Id. Yarnell has failed to prove racial animus and to show pretext.

In order to prove disability discrimination, the plaintiff must show that he "is a qualified individual with a disability and that the negative employment action occurred because of the disability." Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1119 (5th Cir. 1998). A person may be considered to have a disability if he has no impairment at all but is regarded by the employer as having a "substantially limiting impairment." Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998) (quoting Bridges v. City of Bossier, 92 F.3d 329, 332 (5th Cir. 1996)). Yarnell failed to show that the defendants regarded him as substantially limited.

In order to prove a retaliation claim, the plaintiff must show that the action was intended to discriminate because of union activity. York v. City of Wichita Falls, 48 F.3d 919 (5th Cir. 1995). Yarnell failed to present any such evidence.

Yarnell argues that he was denied due process. "In Louisiana, a permanent classified civil service employee has a protected property interest in her job." Wallace v. Shreve Memorial Library, 97 F.3d 746, 748 (5th Cir. 1996). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Although he alleges that he was not allowed to

challenge the citizens' complaints which formed the basis of his termination, he had lengthy informal meetings with his supervisors before his termination and he received notice of the reasons for his termination. See Gerhart v. Hayes, 201 F.3d 646 (5th Cir. 2000); superceded on other grounds 217 F.3d 320 (5th Cir. 2000) (receiving letter of intent of termination with reasons was sufficient for due process). Cf. Wheeler v. Miller, 168 F.3d 241 (5th Cir. 1999); Meyer v. Austin Independent School Dist., (5th Cir. 1999).

In order to prove intentional infliction of emotional distress under Louisiana law, a plaintiff must prove "(a) extreme and outrageous conduct (b) intentionally or recklessly causing (c) severe emotional distress or bodily harm to another." Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 627 (5th Cir. 1999). Yarnell failed to prove extreme and outrageous conduct. "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." King v. Phelps Dunbar, 743 So.2d 181, 186 (La. 1999).

Thus, we affirm the grant of summary judgment in favor of the defendants.

AFFIRMED.