Dear Ms. Glaviano:
Your request for an Attorney General's opinion in regard to membership of the Louisiana State Board of Practical Nurse Examiners ("LSBPNE") in the National Council of State Boards of Nursing ("NCSBN") will be addressed herein. As we understand the issue, the LSBPNE has a contractual agreement with the NCSBN in order to utilize the national examination for practical nurses, called the National Council Licensure Examination for Practical Nurses. The LSBPNE has concern over whether or not they should maintain membership in the NCSBN when the NCSBN participates in activities, such as lobbying, which are outside the scope of regulation and not within the mission of the LSBPNE.
The LSBPNE is created by state law and possesses the power to examine and license qualified applicants, as follows:
A. The board shall:
* * *
 (3) Examine and license qualified applicants, and renew licenses; and
* * *
 B. The board may: * * *
 (4)(b) Charge and collect from an applicant for any license or permit which the board is authorized to issue, including permission to enroll as a student in nursing courses, in addition to all other applicable fees and costs, such amount as may be incurred by the board in requesting and obtaining criminal history record information on the applicant.
* * *
R.S. 37:969.
It is our opinion that the LSBPNE has clear authority to examine and license qualified applicants for practical nurses and may charge a fee to do so, within the guidelines of R.S. 37:977. Further, the LSBPNE may contract under general law with the NCSBN in order to utilize the national licensure exam for practical nurses. "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." Civil Code Art. 1906. For a contract to be valid, the parties must possess the capacity to contract, freely give their mutual consent, have an object certain for the contract, and have a lawful purpose to the contract. Wallace v. Shreve Memorial Library, C.A.5 (La.)1996, 79 F.3d 427, certified question denied 96-0792 (La. 5/17/96), 673 So.2d 602, appeal decided 97 F.3d 746.
The object of the contract between LSBPNE and NCSBN is for the use of the national exam for practical nurses, which is a lawful purpose between two parties with the capacity to contract and who have obviously freely given their mutual consent to do so. We do not find any state law which prevents the LSBPNE from continuing to contract with the NCSBN, nor do we find a violation of any state law by LSBPNE for contracting with and maintaining a membership with NCSBN, even when the NCSBN uses its resources for purposes other than providing a national exam for practical nurses.
In sum, it is LSBPNE's decision as to whether it chooses to renew its contract with NCSBN and/or maintain its membership in the organization, but there is no state law which would prevent same. If our office can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: February 19, 2003