IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50814
Summary Calendar

GUADALUPE GUAJARDO, JR

Plaintiff-Appellant

v.

CHAIRPERSON CHRISTIN MELTON CRAIN, Texas Board of Criminal Justice;
DIRECTOR NATHANIEL QUARTERMAN, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; SENIOR
WARDEN ALFRED JANICEK, Ellis Unit - Texas Department of Criminal
Justice - Correctional Institutions Division; SUPERVISOR KAREN MAHONE,
Law Library Ellis Unit - Texas Department of Criminal Justice - Correctional
Institutions Division

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CV-143

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Guadalupe Guajardo, Jr., Texas prisoner # 170864, appeals the dismissal
as frivolous of his pro se, in forma pauperis 42 U.S.C. § 1983 complaint. He
contends that the defendants have in the past and may in the future impede his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

access to the courts by threatening to confiscate his law books and legal materials that exceed the storage space he has available. He has not established a denial of access to the courts because he has not shown that his position as a litigant was or will be prejudiced. See Lewis v. Casey, 518 U.S. 343, 350-53 (1996).

Guajardo asserts that he is entitled to due process protection before his property is confiscated. It is "highly dubious that a facially neutral prison storage space limitation . . . might in any way restrict a prisoner's exercise of constitutional rights," including the right of access to the courts, in light of the limited storage space in a prison setting. Long v. Collins, 917 F.2d 3, 4 (5th Cir. 1990)(addressing prior version of the prison storage regulations). Guajardo has not established that the district court abused its discretion in rejecting his procedural due process claims. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Guajardo has not challenged the basis for the district court's denial of relief on his allegations that the seizure of his books will result in a denial of substantive due process, and any such claim is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Guajardo also contends that the fact that he must use some of his personal locker to store legal materials constitutes a denial of equal protection. He has not established that similarly situated individuals are being treated differently or even that the defendants treat all prisoners actively engaged in litigation differently from other prisoners. See Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1999); cf. Johnson v. Pfeiffer, 821 F.2d 1120, 1122-24 (5th Cir. 1987).

Guajardo contends that he was entitled to a restraining order or injunction to prevent possible future harm. He has not established, however, that success on the merits is likely. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 1999). The district court did not abuse its discretion in denying the requested relief. See White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989).

Guajardo's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss Guajardo's appeal as frivolous. See 5TH CIR. R. 42.2. This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two strikes for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Guajardo obtains three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.