**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20834
Summary Calendar

GUADALUPE M GUAJARDO, JR

Plaintiff-Appellant

v.

MR BAYDA, Ellis Unit Parole Interviewer, Texas Department of Criminal
Justice-Correctional Institutions Division, Texas Board of Pardons and Paroles
Division; MR DRETKE, Ellis Unit Upholstery Supervisor Bus Repair - Texas
Department of Criminal Justice - Correctional Institution Division - Texas
Correctional Industrial Division

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3592

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Guadalupe M. Guajardo, Texas prisoner # 170864, appeals the dismissal,
as frivolous and for failure to state a claim, of his civil rights action. He first
contends that the district court did not give liberal construction to his pro se
complaint. Guajardo's pleadings are entitled to the benefit of liberal

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

construction.[1]  However, Guajardo has failed to show that the district court did not properly construe his complaint.

Guajardo argues that his rights under the Due Process Clause were violated by the actions of defendants Bayda and Dretke, which resulted in his being denied a Unit Parole Interview.  Guajardo concedes that Texas statutes do not provide for a Unit Parole Interview, but he contends that such an interview, in practice, is an essential part of the parole process and that he therefore has a protected liberty interest in an interview.  Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.[2]  Thus, even if Texas law or policy was violated by the lack of a Unit Parole Interview, there was no violation of the federal Due Process Clause.[3]

Guajardo has failed to brief his claims that the lack of a Unit Parole Interview violated the Equal Protection Clause and the Sixth Amendment.  Accordingly, he has waived these claims.[4]  (And these claims had no merit from the start, for essentially the reasons provided by the district court.)

Guajardo also claims that his due process rights were violated in connection with a disciplinary conviction.  He argues that Dretke made disciplinary charges against him based on an "assumption" that violations had

---

[1]*See Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993).

[2]*See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

[3]*See id.* ("It follows that because [petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."); *see also Gerhart v. Hayes*, 201 F.3d 646, 650 (5th Cir. 2000) (stating that "[t]he fundamental issue in due process law is not whether state officials violated state law, but whether they provided the plaintiff with constitutional minima").

[4]*See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (explaining that even pro se appellants must brief their arguments to avoid waiver).

occurred. Guajardo asserts that there was no evidence to support the disciplinary conviction.

The Due Process Clause "does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner."[5] Here, the punishments received by Guajardo as a result of his disciplinary conviction – demotion in trustee status, 15 days in solitary confinement, and 30 days of commissary and cell restrictions – "are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."[6] Guajardo has failed to show that his due process rights were implicated by his disciplinary conviction. Moreover, Guajardo's claim for damages and for declaratory relief are barred under *Heck v. Humphey*,[7] because they necessarily imply the invalidity of the punishment imposed in the disciplinary conviction.[8] As Guajardo has failed to show error, the judgment of the district court is affirmed.

The dismissal by the district court of Guajardo's action as frivolous and for failure to state a claim counts as a strike for the purpose of 28 U.S.C. § 1915(g).[9] Guajardo has previously accumulated at least two strikes.[10] Guajardo is therefore barred from again proceeding in forma pauperis pursuant to § 1915

---

[5]*Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citation omitted).

[6]*See id.* at 768.

[7]512 U.S. 477 (1994).

[8]*See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

[9]*See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

[10]*See Guajardo v. Crain*, 275 F. App'x 290, 291-92 (5th Cir. 2008) ("Guajardo's appeal is without arguable merit and is thus frivolous. . . . This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous constitute two strikes for the purposes of 28 U.S.C. § 1915(g).").

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED.